# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UBALDO VIZARRAGA-MONCIVAIS (3),<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CASE NO. 10-cr-2693 – IEG<br>Related Case: 11-cv-2814 – IEG<br><br>**ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**<br><br>[Doc. No. 95 in 10-cr-2693] |

Petitioner, a federal inmate proceeding pro se, submitted a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. No. 95.] He seeks relief on the grounds that, due to his alien status, he is ineligible for (1) a one-year reduction of sentence through a drug program, (2) an early release to a halfway house, and (3) a Unicor job. [Id. at 1-3.] Petitioner argues that the availability of these programs to United States citizens, but not to aliens, violates the Equal Protection Clause of the Fourteenth Amendment, the Due Process Clause of the Fifth Amendment, and the Equal Rights Act of 1964. [Id.] Petitioner also seeks relief on the grounds that the facts underlying his conspiracy conviction are insufficient. [Id. at 5-6.] Petitioner argues that his part in the crime was minimal because he did not know any of the people he was accused of conspiring with and was only a passenger in the vehicle that was found to contain the methamphetamine. [Id.] On March 9, 2012, the Government filed its response in opposition to

1  Petitioner's motion. [Doc. No. 117.] Having considered Petitioner's arguments, and for the
2  reasons set forth below, the Court **DENIES** Petitioner's motion to vacate, set aside, or correct his
3  sentence.

## BACKGROUND

5  Petitioner was charged with, and ultimately pleaded guilty pursuant to a plea agreement to
6  conspiracy to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)
7  and 846, which carries a maximum sentence of life in prison and a statutory mandatory minimum
8  of 10 years in prison. [See Doc. Nos. 20, 52; Doc. No. 121, Ex. D.] As part of his Plea
9  Agreement, Petitioner expressly "waive[d], to the full extent of the law, any right to appeal or to
10 collaterally attack the conviction and sentence, . . . unless the Court imposes a custodial sentence
11 above the greater of the high end of the guideline range recommended by the Government
12 pursuant to this agreement at the time of sentencing or statutory mandatory minimum term, if
13 applicable." [Doc. No. 121, Ex. C at 10.] At sentencing, the Government filed a motion for
14 downward departure for minor role, calculated a guideline range of 120 to 150 months and
15 recommended a sentence at the low end of the range. [Id., Ex. F.] Petitioner filed a motion for
16 downward adjustment for minor role and sought a sentence of 120 months. [Doc. Nos. 89, 90.]
17 On November 7, 2011, the Court granted Petitioner's motion for downward adjustment for minor
18 role and sentenced Petitioner to 120 months. [Doc. Nos. 91, 92.]

## DISCUSSION

20 Section 2255(a) authorizes the Court to "vacate, set aside or correct" a sentence of a federal
21 prisoner that "was imposed in violation of the Constitution or laws of the United States." Claims
22 for relief under § 2255 must be based on some constitutional error, jurisdictional defect, or an error
23 resulting in a "complete miscarriage of justice" or in a proceeding "inconsistent with the
24 rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 783-84 (1979)
25 (internal quotation marks omitted). If the record clearly indicates that a petitioner does not have a
26 claim or that he has asserted "no more than conclusory allegations, unsupported by facts and
27 refuted by the record," a district court may deny a § 2255 motion without an evidentiary hearing.
28 United States v. Quan, 789 F.2d 711, 715 (9th Cir. 1986).

**I.     Waiver**

As an initial matter, it is clear that Petitioner waived any right to collaterally attack his conviction and sentence. "'A defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made.'" United States v. Rahman, 642 F.3d 1257, 1259 (9th Cir. 2011) (citation omitted). In this case, as part of his Plea Agreement, Petitioner expressly waived "any right . . . to collaterally attack the conviction and sentence," unless "the Court imposes a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing or statutory mandatory minimum term, if applicable." [Doc. No. 121, Ex. C at 10.] At sentencing, the Court imposed a sentence of 120 months, which was the statutory mandatory minimum term and at the bottom of the Government's recommended guideline range of 120 to 150 months. [See Doc. No 91; Doc. No. 121, Ex. F.] Because the Court did not impose a sentence above the high end of the guideline range recommended by the Government, Petitioner's waiver applies. There is also no indication that the waiver was not knowingly and voluntarily made. [See Doc. No. 121, Exs. C-D.] Accordingly, Petitioner's collateral attack on his conviction and sentence is precluded by a valid waiver. See United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993); see also United States v. Navarro-Botello, 912 F.2d 318, 321-22 (9th Cir. 1990) (public policy supports plea agreements because, *inter alia*, of the finality that results).

**II.    Merits**

Even assuming Petitioner did not waive the right to collaterally attack his sentence, his claims fail on the merits.

A.     Petitioner's Equal Protection Claim

Aliens present in the United States illegally are entitled to the full protections of the Equal Protection Clause. Plyler v. Doe, 457 U.S. 202, 215 (1982). Nonetheless, to state a claim for violation of the equal protection, the plaintiff must allege that he was treated differently from other similarly situated persons. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). Unless a suspect classification is present, the unequal treatment must only be "rationally related to

1   a legitimate state interest." Id. at 440.

2         The policy precluding deportable aliens from participating in certain community-based programs does not violate equal protection because it is rationally related to the government's interest in preventing those individuals from fleeing. See McLean v. Crabtree, 173 F.3d 1176, 1184 (9th Cir. 1999) (the exclusion of deportable aliens from participating in a community-based treatment program was rationally-based, and therefore constitutional, seeing as "prisoners with detainers pose a flight risk during the community-based treatment phase because they are subject to possible deportation upon release from custody, and therefore have reason to flee a halfway house"). Similarly, the denial of a one-year reduction does not violate due process because it does not "impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life;" rather, it "merely means that the inmate will have to serve out his sentence as expected." Id. at 1185 (internal quotation marks and citations omitted).

13         As other courts have concluded, deportable aliens are not "similarly situated" to United States citizens with respect to the benefits that Petitioner seeks. See, e.g., Aguilar-Marroquin v. United States, 2011 WL 1344251, at *2 (S.D. Cal. Apr. 8, 2011); Rendon-Inzunza v. United States, 2010 WL 3076271, at *1 (S.D. Cal. Aug. 6, 2010); Santos v. United States, 940 F. Supp. 275, 281 (D. Haw. Aug. 16, 1996). Because United States citizen inmates must re-enter domestic society upon completion of their sentences, they have a strong incentive to comply with community-based placement. On the other hand, non-citizen inmates subject to deportation upon completion of their sentences may have an opposite incentive to flee from the community-based placement. Accordingly, "[i]t is not an equal protection violation to allow United States citizen-inmates, who must re-enter domestic society, to participate in rehabilitative or other programs while denying that privilege to deportable inmates." Rendon-Inzunza, 2010 WL 3076271, at *1. Because the two groups are not "similarly situated" for purposes of relief that Petitioner seeks, there is no equal protection violation. See City of Cleburne, 473 U.S. at 439; see also Demore v. Kim, 538 U.S. 510, 521-22 (2003) ("Congress may make rules as to aliens that would be unacceptable if applied to citizens.").

28   ///

B.  Petitioner's Challenge to His Conviction

A guilty plea "comprehends all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." United States v. Broce, 488 U.S. 563, 569 (1989). Thus, by pleading guilty, a defendant admits the facts constituting the elements of the charge. See United States v. Cazares, 121 F.3d 1241, 1246 (9th Cir. 1997) ("It has long been settled that a guilty plea is an admission of all the elements of a formal criminal charge.") (citations and quotations omitted). "Any attempt to contradict the factual basis of a valid plea must fail." United States v. Morrison, 113 F.3d 1020, 1021 (9th Cir. 1997); see also United States v. Mathews, 833 F.2d 161, 165 (9th Cir. 1987) ("Matthews seeks to avoid his sentence on the ground that an allegation in the indictment . . . is contradicted by the evidence. By pleading guilty to the indictment, however, Matthews conclusively admitted the allegation.").

Petitioner pleaded guilty pursuant to a plea agreement to conspiracy to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a) and 846. [See Doc. No. 121, Ex. D.] In the plea agreement, Petitioner stated that he understood the elements of the offense to which he was pleading guilty and admitted the facts that formed the basis of his guilty plea. [Id. at 3-4.] At Petitioner's plea hearing, the Court confirmed that Defendant understood the plea agreement and the elements of the offense and confirmed the factual basis of his guilty plea. [Id., Ex. D at 7, 10-14.] The Court found that Petitioner's guilty plea was made knowingly and voluntarily and there was a factual basis for his plea. [Id. at 14-15.] Accordingly, because Petitioner pleaded guilty to conspiracy to distribute 50 grams or more of methamphetamine, he may not challenge his conviction on the grounds that there were insufficient facts to support his conviction. See Cazares, 121 F.3d at 1246; Morrison, 113 F.3d at 1021.

///
///
///
///
///
///

## CONCLUSION

Because Petitioner's collateral attack is precluded by a valid waiver, and because it fails on the merits, the Court **DENIES** Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Court also denies a certificate of appealability because Petitioner has not "made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

**Dated:** May 8, 2012

**IRMA E. GONZALEZ**
**United States District Judge**